IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| RUSSO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| STATELINE CONSTRUCTION, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Russo Corporation ("Russo") for its complaint against Defendant Stateline Construction, LLC ("Stateline"), states the following:

## PARTIES

1. Plaintiff Russo is an Alabama corporate entity with its principal place of business in Birmingham, Alabama. Russo is therefore an Alabama citizen for purposes of 28 U.S.C. § 1332. Russo appears by and through its counsel of record.

2. Defendant Stateline is a Texas limited liability company with its principal place of business in Texarkana, Texas. Stateline's members, according to the Texas Secretary of State, are Brad Warren and Jody Luttrell, both of whom reside in Texas. Stateline is therefore a Texas citizen for purposes of 28 U.S.C. § 1332. Stateline may be served with process by and through its registered agent for service of process, Brad Warren, 8098 FM 1397, Texarkana, Texas 75503, or at whatever location at which he may be found.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this action based upon complete diversity of citizenship under 28 U.S.C. § 1332. The amount in controversy exceeds, exclusive of

interest and costs, the sum of seventy-five thousand dollars ($75,000.00), as Russo seeks breach of contract damages in an amount not less than $192,513.24.

4. The Court has personal jurisdiction over Defendant because it is a Texas resident.

5. Venue is proper because Defendant resides in Bowie County in this District.

## BACKGROUND

6. Stateline is a construction contractor. Russo performs foundation and groundwork construction, among other items. Russo and Stateline entered into a Subcontract Agreement dated November 5, 2018 ("Agreement") for foundation materials and services. Russo agreed to perform construction services and provide materials for the project at issue. Stateline agreed to pay Russo for the materials and services pursuant to the Agreement. Russo fully performed all services and provided all materials for Stateline pursuant to the Agreement. Despite full performance, Stateline refuses to pay Russo in full under the Agreement.

7. Russo believes that the project owner paid Stateline in full for Russo's work. Despite receipt of payment, Stateline failed and continues to fail and refuse to pay Russo in full for its work and materials. Stateline owes Russo the principal sum of $192,513.24.

8. Russo demanded mediation of this dispute, pursuant to the Agreement's terms, to which Stateline failed to timely respond.

## COUNT I - BREACH OF CONTRACT

9. Russo incorporates each of the foregoing allegations, as if fully set forth herein.

10. Russo and Stateline entered into a valid and binding contract. Russo performed under the contract, but Stateline has failed to compensate Russo for the materials and services that it provided under the Agreement. As a result of Stateline's breach of contract, Russo has sustained damages in the amount of $192,513.24.

11. All conditions precedent to Russo's claim have fully occurred or been waived.

## COUNT II- VIOLATION OF PROMPT PAYMENT ACT

12. Russo incorporates each of the foregoing allegations, as if fully set forth herein.

13. Russo believes that Stateline received payment in full for Russo's materials and services on the project at issue. Stateline failed to remit those funds to Russo. Stateline's conduct violates Chapter 28 of the Texas Property Code, for which Russo seeks relief in this action.

## MEDIATION WAIVER

14. Russo incorporates each of the foregoing allegations, as if set forth herein.

15. With respect to all claims asserted herein, Stateline waived the Agreement's mediation provision by refusing to timely mediate this dispute.

## ATTORNEYS' FEES

16. Russo seeks an award of its reasonable and necessary attorneys' fees incurred in the prosecution of this lawsuit pursuant to the Agreement, Texas Civil Practice and Remedies Code Chapter 38, and Texas Property Code Chapter 28.

17. Russo further seeks the recovery of prejudgment and post-judgment interest on all amounts due and owing.

WHEREFORE, Russo Corporation requests judgment against Defendant Stateline Construction, LLC for actual damages as set forth herein, attorneys' fees, pre- and post-judgment interest, costs, and for such other and further relief, general or special, to which it is entitled.

                                        Respectfully submitted,

                                        VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
                                        15851 Dallas Parkway, Suite 525
                                        Addison, Texas 75001
                                        (972) 371-2411
                                        (972) 371-2410 - Telecopier

                                        By:   */s/ Jim McCown*
                                                   James M. McCown
                                                     jmccown@vmdslaw.com
                                                     State Bar No. 00788002

                                        ATTORNEYS FOR PLAINTIFF

**COMPLAINT** – **Page 4**